# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ROBERT RINGDAHL, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 8:18-cv-01006-PX |
| ARTIN AFSHARJAVAN, | * | |
| Defendant. | * | |

## MEMORANDUM OPINION

Pending before the Court is Defendant Artin Afsharjavan's motion to amend his answer to assert counterclaims (ECF No. 30) and Plaintiff Robert Ringdahl's motion to quash Afsharjavan's third-party subpoena. ECF No. 38. The motions are fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the following reasons, the Court denies Afsharjavan's motion to amend and grants in part and denies in part Ringdahl's motion to quash.

**I.    Background**

In June 2017, Ringdahl loaned $150,000 to Binary Group, Inc ("Binary Group"). ECF No. 2-2 at 1. To induce Ringdahl to make the loan, Afsharjavan—who held stock in Binary Group—personally guaranteed the loan and memorialized its terms in a Guaranty Agreement. ECF No. 2-3 at 1. The Guaranty Agreement permitted Ringdahl to seek payment from Afsharjavan upon Binary Group's default on the loan, regardless of whether Ringdahl pursued remedies against Binary Group. *Id.* at 2. Separate from the Guaranty Agreement, Afsharjavan pledged 450,000 shares of Binary Group stock to Ringdahl as security through an Agreement of Pledge Stock with the understanding that the pledge would terminate when the loan was paid in full. ECF No. 2-4 at 1.

By January 1, 2018, Binary Group defaulted on the loan, triggering the obligations under

the Guaranty Agreement. ECF No. 2-5 at 1. As a result, Ringdahl filed suit in the Circuit Court for Montgomery County, Maryland for breach of the Guaranty Agreement and Agreement of Pledge Stock. ECF No.2. Afsharjavan, proceeding pro se, removed the action to this Court. ECF No. 1. The Scheduling Order in this case set September 10, 2018 as the deadline for amendment of pleadings. ECF No. 17. On January 20, 2019, well beyond the amendment deadline and after the close of discovery, Afsharjavan moved to amend his answer to bring counterclaims against Ringdahl.

Afsharjavan also subpoenaed documents held by third-party Eaglestone Tax & Wealth Advisors, Inc. ("Eaglestone"). ECF Nos. 34–35. Afsharjavan sought "[a]ll documents, communications . . ., and electronically stored information transmitted between Eaglestone and Robert Ringdahl between January 1,2015 [sic] and the present" relating to nine entities or individuals, including Binary Group and its stockholders. ECF No. 39-1 at 7. Afsharjavan also requested the 2016 and 2017 federal and state tax returns for Ringdahl and Binary Group. *Id.* Ringdahl moved to quash the subpoena. ECF No. 38. The Court addresses each motion in turn.

**II.     Motion to Amend**

Although Afsharjavan filed his answer on April 13, 2018, he now seeks to add counterclaims for "bad faith" and breach of the implied covenant of good faith and fair dealing. Although Courts "should freely give leave" to amend "when justice so requires," *see* Fed. R. Civ. P. 15(a)(2), leave may be denied when amendment would prejudice the opposing party, the movant has acted in bad faith, or amendment would be futile. *Arora v. James*, 689 F. App'x 190, 190 (4th Cir. 2017).

Amendment is futile when it would be subject to dismissal for failure to state a legally cognizable claim. *Oliver v. Dep't of Pub. Safety & Corr. Servs.*, 350 F. Supp. 3d 340, 346 (D.

2

Md. 2018). The Court, therefore, reviews the proposed amended counterclaims for legal sufficiency pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Court takes as true all facts pleaded in the proposed counterclaim and in the light most favorable to Afsharjavan. *See Ibarra v. United States*, 120 F.3d 472, 474 (4th Cir. 1997). Further, because Afsharjavan proceeds pro se, the Court affords his counterclaims a generous construction while also being mindful that it cannot allow patently frivolous or baseless claims to proceed simply because the movant is pro se. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

Construing facts supporting the proposed counterclaims as true and most favorably to Afsharjavan, the claims are futile. The bad faith claim is grounded in the notion that Ringdahl caused Binary Group to default on the loan. ECF No. 30-1 at 8. In making this claim, Afsharjavan contends that Ringdahl "breached his duty owed to all shareholders to promptly pay all outstanding expenses and notes owed by Binary Group and he participated in self-dealing." *Id.* at 7.

The Court conceives of two potential ways in which this claim could be construed. First, if Afsharjavan intends that this claim covers Binary Group's breach of the promissory note to Ringdahl, the claim necessarily fails. "Maryland does not recognize failure to perform a contract as giving rise to a tort action for 'bad faith.'" *Republic Ins. Co. v. Bd. of Cty. Comm'rs of St. Mary's Cty.*, 68 Md. App. 428, 432 (1986). Accordingly, on that theory, any proposed counterclaim cannot proceed as a matter of law.

Alternatively, Afsharjavan appears to be asserting a claim brought on behalf of "all shareholders," which likewise cannot proceed as a matter of law. It is true that "[a] majority shareholder owes a fiduciary duty to minority shareholders not to use his voting power for his

own benefit or for a purpose adverse to the interests of the corporation and its stockholders." *Mona v. Mona Elec. Grp., Inc.*, 176 Md. App. 672, 697 (2007). Fatal to the claim, however, is that the proposed counterclaim does not aver facts plausibly supporting the inference that Ringdahl is a majority shareholder. Thus, even construing the proposed amendment most favorably to the "shareholders," it fails as a matter of law and is futile.

Even if Afsharjavan could bridge this factual gap, he has not demonstrated that he has satisfied the necessary prerequisites for bringing a derivative action on behalf of all shareholders. When pursuing a majority shareholder for breaches of fiduciary duties "on behalf of all shareholders," the movant must first either make a demand on the board of directors to bring suit or show that such demand would be futile. *See Mona*, 176 Md. App. at 699; *Bender v. Schwartz*, 172 Md. App. 648, 667 (2007). Afsharjavan has not done either.

Finally, and perhaps most fatally, Afsharjavan cannot maintain a derivative suit as a pro se plaintiff. *See Bluefeld v. Cohen*, No. PX 15-2857, 2017 WL 1546406, at *3 (D. Md. Apr. 27, 2017), *aff'd* 697 F. App'x 788 (4th Cir. 2017) (citing *Phillips v. Tobin*, 548 F.2d 408, 411–12 (2d Cir. 1976); *Romman ex rel. Yuhe Int'l, Inc. v. Zhentao Gao*, No. 2:11-CV-01178-MMD, 2013 WL 1811972, at *1 (D. Nev. Apr. 29, 2013); *Pinnavaia v. Moody-Stuart*, No. 09-03803 CW, 2009 WL 4899218, at *3 (N.D. Cal. Dec. 11, 2009); *Weaver v. State of N.Y.*, 7 F. Supp. 2d 234, 237 (W.D.N.Y. 1998); *Robinette v. Merrill Lynch*, No. 3:97-CV-0353D, 1998 WL 641815, at *1 (N.D. Tex. Sept. 16, 1998)). Thus, even if Afsharjavan could marshal sufficient facts to sustain the claim, he cannot act, effectively, as the lawyer for others. The Court denies Afsharjavan leave to amend to bring this claim.

As to the claim for breach of the implied covenant of good faith and fair dealing, it suffers from similar flaws. This claim is premised on the theory that Ringdahl induced a breach

4

of the Ringdahl-Binary Group loan terms, satisfying other corporate debts in lieu of repaying the loan.  Even so, as a matter of law, the claim fails because "no independent cause of action . . . exists in Maryland for breach of the implied duty of good faith and fair dealing." *Mount Vernon Props., LLC v. Branch Banking & Tr. Co.*, 170 Md. App. 457, 472 (2006).  This is so because such a claim is "'better viewed as an element of another cause of action at law, *e.g.*, breach of contract, than as a stand-alone cause of action.'" *Gurbani v. Johns Hopkins Health Sys. Corp.*, 237 Md. App. 261, 306 (2018) (quoting *Mount Vernon Props.*, 170 Md. App. at 472)); *see also Blondell v. Littlepage*, 413 Md. 96, 113–14 (2010).  Leave to bring this claim, too, must be denied.

**III.     Motion to Quash**

Ringdahl moved to quash Afsharjavan's subpoena on third-party Eaglestone regarding financial information related to Ringdahl and nine separate individuals and entities, including Binary Group.  ECF No. 38.  Eaglestone provides tax advice and tax return preparation services.  ECF No. 39-3 ¶ 4.  Afsharjavan's subpoena requested that Eaglestone produce "[a]ll documents, communications . . . , and electronically stored information transmitted between Eaglestone and Robert Ringdahl between January 1,2015 [sic] and the present" as related to the nine individuals and entities.  ECF No. 39-1 at 7.  Afsharjavan also requested 2016 and 2017 federal and state tax returns for Ringdahl and Binary Group.  *Id.*

Federal Rule of Civil Procedure 45(d)(3) requires the Court to modify or quash a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies."  Fed. R. Civ. P. 45(d)(3)(A)(iii); *CineTel Films Inc. v. Does 1–1,052*, 853 F. Supp. 2d 545, 555 (D. Md. 2012).  However, a party generally "does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or

5

privilege in the information sought by the subpoena." *United States v. Idema*, 118 F. App'x 740, 744 (4th Cir. 2005).

Ringdahl argues that the subpoena seeks documents protected by Maryland's accountant-client privilege. More particularly, Ringdahl asserts that because the only documents and information he furnished to Eaglestone in his personal capacity were in connection with Eaglestone's preparation of his tax returns, such documents are privileged. ECF No. 39 ¶¶ 3–4. Because Ringdahl's argument centers on a privilege covering his personal information, Ringdahl has standing to challenge the subpoena as it pertains to that personal information. *See Third Degree Films, Inc. v. Does 1–108*, No. DKC 11-3007, 2012 WL 669055, at *2 (D. Md. Feb. 28, 2012).

The Court, sitting in diversity, applies Maryland law when determining the scope of Ringdahl's asserted accountant-client privilege. *Powers v. Braun*, No. ELH-13-01622, 2013 WL 6623193, at *3 (D. Md. Dec. 16, 2013). The privilege covers (1) any confidential communication made to a licensed certified public accountant or firm by a client who employs the accountant or firm to audit, examine, or report on any account, book, record, or statement of the client, and (2) any information that the licensed certified public accountant or firm, in rendering professional services, derives from the client in the course of a confidential communication with the client, or from material of the client given to the accountant in the course of a confidential communication. *See* Md. Code, Cts. & Jud. Proc. § 9-110; *Vellone v. First Union Brokerage Servs., Inc.*, 203 F.R.D. 231, 234 (D. Md. 2001). The party asserting the privilege bears the burden of demonstrating that the privilege precludes disclosure of the subpoenaed information. *Vellone*, 203 F.R.D. at 234.

Ringdahl has sufficiently demonstrated that the documents, communications, and

electronically stored information transmitted in his personal capacity are privileged. Ringdahl affirms that he transmitted documents and information in his personal capacity to aid Eaglestone in preparing his tax return. ECF No. 39-3 ¶¶ 3–4. Ringdahl acted with the "expectation of privacy" protected by the accountant-client privilege. *See In re A Special Investigation No. 202*, 53 Md. App. 96, 103 (1982). Because Afsharjavan has not demonstrated that Ringdahl waived this privilege, *see Sears, Roebuck & Co. v. Gussin*, 350 Md. 552, 567 (1998), the Court grants the motion to quash as to the documents, communications, and electronically stored information transmitted between Eaglestone and Ringdahl in his personal capacity.

However, as to any other documents or information in Eaglestone's possession *not* obtained through Ringdahl in his personal capacity, the motion is denied. The subpoena clearly seeks documents which are not necessarily swept within Ringdahl's privilege as he as framed it. Put differently, Ringdahl has demonstrated only that the accountant-client privilege precludes disclosure of documents or information communicated to Eaglestone by Ringdahl in his personal capacity.

Ringdahl alternatively argues that the Court should grant his motion because to do otherwise would require Eaglestone to violate laws that prohibit tax preparers from disclosing information received while preparing tax returns. *See* 26 U.S.C. §§ 7216, 6713; Md. Code, Tax-Gen. § 13-207.[1] However, these statutes permit disclosure of such information "pursuant to an order of a court." 26 U.S.C. § 7216(b)(1)(B); *see also* 26 U.S.C. § 6713(b) (applying same exceptions as § 7216); Md. Code, Tax-Gen. § 13-207(b)(4) (permitting disclosure as "required

---

[1] More particularly, federal law prohibits "[a]ny person who is engaged in the business of preparing . . . returns of the tax imposed by chapter 1" from "disclos[ing] any information furnished to him for, or in connection with, the preparation of any such return." 26 U.S.C. § 7216(a)(1); *see also* 26 U.S.C. § 6713(a)(1) (identical in quoted part except as it states "returns of tax imposed"). Maryland law provides that "[a]n income tax return preparer may not disclose any information that the preparer obtains while preparing or helping to prepare a return," subject to several exceptions. Md. Code, Tax-Gen. § 13-207(b).

by a court order"); *McGirr v. Rehme*, No. 16-464, 2018 WL 3708357, at *7 (S.D. Ohio Aug. 3, 2018). Accordingly, to the extent Eaglestone must produce documents consistent with this Court's opinion and the subpoena, it has received the protection of doing so as ordered by the Court.[2]

### IV. Conclusion

For the foregoing reasons, the Court denies Afsharjavan's motion to amend (ECF No. 30) and denies in part and grants in part Ringdahl's motion to quash. ECF No. 38. A separate Order follows.

5/24/2019                                    /S/
Date                                         Paula Xinis
                                             United States District Judge

---

[2] The Court notes, however, that nothing in the record confirms that Afsharjavan has actually served the subpoena on Eaglestone. If Afsharjavan has not timely served the subpoena, Eaglestone need not comply, albeit for different reasons than Ringdahl asserts. *See* Fed. R. Civ. P. 45(d)(3)(A)(i).